**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**OAKLAND DIVISION**

NANOMETRICS, INC.,                              No.  C 06-2252 SBA

           Plaintiffs,                              **ORDER**

  v.                                             [Docket No. 32]

NOVA MEASURING INSTRUMENTS,
LTD., *et al.*,

           Defendants.
_____

      Before the Court is defendants Nova Measuring Instruments, Ltd. and Nova Measuring Instruments, Inc.'s (collectively "Nova") Motion to Stay Proceedings Pending the Re-examination of the Patent-in-Suit [Docket No. 32].  After reading and considering the arguments presented by the parties, the Court finds this matter appropriate for resolution without a hearing.  For the reasons that follow, the Court GRANTS Nova's motion.

**BACKGROUND**

      On March 29, 2006, plaintiff Nanometrics, Inc. filed a complaint alleging that Nova is infringing on Patent No. 34,783 ('783).  The parties are competitors in the business of inventing, designing, manufacturing, and marketing systems that monitor, measure, and control processes for the semiconductor manufacturing industry.  On May 22, 2006, Nova counterclaimed.

      The '783 patent is the only patent in dispute.  The '783 patent issued in 1991 and expires on February 1, 2010.  On December 7, 2006, the United States Patent and Trademark Office (PTO) granted Nova's request for re-examination of the '783 patent.  In light of the PTO granting a re-examination of the '783 patent, Nova requests the Court stay all proceedings.

**LEGAL STANDARDS**

      Re-examination is a procedure by which any person can request that the PTO re-examine or re-evaluate the patentability of an unexpired United States patent.  *See* 35 U.S.C. § 302; *see also Broadcast*

1    *Innovation, L.L.C. v. Charter Commc'ns., Inc.*, 2006 WL 1897165, at *1 (D. Colo. 2006).  "Congress

2    instituted the reexamination process to shift the burden or reexamination of patent validity from the

3    courts to the PTO.  Patent validity is a commonly asserted defense in litigation and courts are cognizant

4    of Congress's intention of utilizing the PTO's specialized expertise to reduce costly and timely

5    litigation."  *Canady v. Erbe Elektromedizin GmbH*, 271 F. Supp. 2d 64, 78 (D.D.C. 2002) (citations

6    omitted).

7         Courts are not required to stay judicial proceedings pending re-examination of a patent.  It is,

8    however, within a district court's discretion to do so.  *See, e.g., Ethicon, Inc. v. Quigg*, 849 F.2d 1422,

9    1426-27 (Fed. Cir. 1988) (citations omitted) ("Courts have inherent power to manage their dockets and

10   stay proceedings, including the authority to order a stay pending conclusion of a PTO examination");

11   *Patlex Corp. v. Mossinghoff*, 758 F.2d 594, 603 (Fed. Cir. 1985); *Telemac Corp. v. Teledigital, Inc.*, 450

12   F. Supp. 2d 1107, 1110 (N.D. Cal. 2006).  There is "a liberal policy in favor of granting motions to stay

13   proceedings pending the outcome" of re-examination, especially in cases that are still in the initial stages

14   of litigation and where there has been little or no discovery.  *ASCII Corp. v. STD Entm't USA, Inc.*, 844

15   F. Supp. 1378, 1381 (N.D. Cal. 1994); *see also Robert H. Harris Co. v. Metal Mfg. Co.*, 19 U.S.P.Q.

16   2d 1786, 1788 (E.D. Ark. 1991) ("[t]he legislative history surrounding the establishment of the

17   reexamination proceeding evinces congressional approval of district courts liberally granting stays").

18        In determining whether to grant a stay pending re-examination, courts consider: (1) whether

19   discovery is complete and whether a trial date has been set; (2) whether a stay will simplify the issues

20   in question and trial of the case; and (3) whether a stay would unduly prejudice or present a clear tactical

21   disadvantage to the non-moving party.  *See Telemac*, 450 F. Supp. 2d at 1110; *KLA-Tencor Corp. v.

22   Nanometrics, Inc.*, 2006 WL 708661, at *2 (N.D. Cal. 2006); *IMAX Corp. v. In-Three, Inc.*, 385 F. Supp.

23   2d 1030, 1032 (C.D. Cal. 2005).  A trial court's order staying an infringement suit pending the

24   completion of re-examination proceedings is not appealable.  *See Gould v. Control Laser Corp.*, 705

25   F.2d 1340, 1341 (Fed. Cir. 1983), *cert. denied*, 464 U.S. 935 (1983).

26

27

28                                          2

**ANALYSIS**

Nova contends that the re-examination process will either make this litigation moot, or it will significantly narrow the issues for resolution. Nanometrics counters that "[a] stay is not warranted because it would merely delay the day of reckoning." Docket No. 38, at 2. Moreover, Nanometrics asserts that Nova has in the past made multiple re-examination requests of patents held by Nanometrics which have largely been unsuccessful.

**1.      Stage of Litigation**

Nova's request for stay comes approximately nine months after the patent infringement claim was brought against it. This litigation is, however, still in the early stages. The parties exchanged initial disclosures on November 30, 2006, and a case management conference was held on December 6, 2006. Discovery has commenced, but it has not proceeded beyond this point. No briefing on claim construction has been filed. No dispositive motions have been submitted. And as currently scheduled, trial will not commence until April 28, 2008, at the earliest. This being the early stage of litigation weighs in favor of granting a stay. *See, e.g., KLA-Tencor*, 2006 WL 708661, at *2 (granting stay where discovery had just begun); *Target Therapeutics, Inc. v. SciMed Life Sys., Inc.*, 33 U.S.P.Q 2d 2022, 2023 (N.D. Cal. 1995) (holding that the absence of significant discovery or substantial expense and time invested in the litigation weighed in favor of stay); *ASCII Corp. v. STD Entm't USA, Inc.*, 844 F. Supp. 1378, 1381 (N.D. Cal. 1994) (granting stay where the parties had undertaken little or no discovery).

**2.      Simplification of the Issues for Trial**

There is little doubt that should the PTO find the '783 patent invalid, this action will be rendered moot. *See* 35 U.S.C. § 307(a) (a decision by the PTO that the re-examined claims of an issued patent are canceled as unpatentable renders the claims unenforceable in the pending litigation and in any future disputes). Moreover, if the PTO should narrow any of the five claims of the '783 patent, the scope of this litigation may be significantly altered and/or simplified. Statistically, there is a good chance that

3

the PTO will do one of these two things. The PTO cancels all claims in approximately twelve percent of all re-examinations, and changes some claims in approximately sixty-four percent. *See KLA-Tencor*, 2006 WL 708661, at *4; *see also Broadcast Innovation, L.L.C. v. Charter Commc'ns., Inc*., 2006 WL 1897165, at *8 n.8 (D. Colo. 2006) (there is a 74% chance that the PTO will eliminate, amend, or otherwise limit the claims at issue).

Waiting for the outcome of the re-examination could eliminate the need for trial if the claims are cancelled or, if the claims survive, facilitate the trial by providing the Court with the opinion of the PTO and clarifying the scope of the claims. *See Target Therapeutics*, 33 U.S.P.Q 2d at 2023; *see also Pegasus Dev. Corp. v. DirecTV, Inc*., 2003 WL 21105073, at *2 (D. Del. 2003) (benefits of granting a stay pending re-examination include potentially narrowing the issues, reducing the complexity and length of trial, alleviating discovery problems relating to prior art, and encouraging settlement or even dismissal if the patent is declared invalid); *Loffland Bros. Co. v. Mid-Western Energy Corp*., 225 U.S.P.Q. 886, 887 (W.D. Okla. 1985). Along these same lines, if the PTO finds some or all of the claims of the patent are invalid, the Court will have wasted resources and the parties will have spent funds addressing an invalid claim or claims if this action goes to trial prior to the re-examination. *See Softview Computer Prods. Corp. v. Haworth, Inc.*, 56 U.S.P.Q. 2d 1633, 1636 (S.D.N.Y. 2000). On the other hand, if the PTO upholds the validity of the re-examined patent, this is strong evidence that a district court must consider in assessing whether the party asserting invalidity has met its burden of clear and convincing evidence. *See Custom Accessories, Inc. v. Jeffery-Allan Indus., Inc.*, 807 F.2d 955, 961 (Fed. Cir. 1986); *Broadcast Innovation*, 2006 WL 1897165, at *2 (D. Colo. 2006). Accordingly, the second factor also weighs in favor of granting a stay.

**3.     Undue Prejudice or Clear Tactical Disadvantage to Nanometrics**

One of Nanometrics's objections to a stay is that "it would merely delay the day of reckoning." Docket No. 38, at 2. It expresses concern that the '783 patent is nearing its expiration date of 2010. By statute, the PTO is required to conduct re-examination proceedings with "special dispatch." *See* 35

U.S.C. § 305.  Nevertheless, several courts have recognized that the re-examination process may be lengthy.  *See, e.g., In re Cygnus Telecommc'ns. Tech. LLC Patent Litig*., 385 F. Supp. 2d 1022, 1023 (N.D. Cal. 2005) (finding that re-examinations generally take from six months to three years); *Xerox Corp. v. 3Com Corp*., 69 F. Supp. 2d 404, 406 n.1 (W.D.N.Y. 1999) (suggesting average pendency of re-examination before the PTO is 19.2 months, excluding appeals).  Mere delay, without more though, does not demonstrate undue prejudice.  Assuming the PTO does not cancel or substantively change the '783 patent, Nanometrics's potential recovery of damages will not be affected by the re-examination proceeding.  *See The Laitram Corp. v. NEC Corp*., 163 F.3d 1343, 1346 (Fed. Cir. 1998).  Nanometrics will be able to recover for any infringement that occurs prior to 2010.  In fact, if the PTO upholds the validity of the patent, then Nanometrics's position is strengthened, and its likelihood of monetary damages will increase.  *See Broadcast Innovation, L.L.C.*, 2006 WL 1897165, at *10.  Additionally, in this case there is a single patent.  Some delay is more than off-set by increased certainty of whether this single patent will survive re-examination and whether there will be any need for litigation.

Nanometrics also objects that, in essence, Nova has abused the re-examination process by utilizing it in other litigation between the parties.  As Nanometrics characterizes it, Nova has placed 97 of Nanometrics's patent claims in the re-examination process, with only two claims being rejected and three amended.  It appears, however, that Nanometrics is referring to a total of two patents that have been disputed in other cases, and both of these had claims cancelled or amended.  This does not suggest a pattern of strategic abuse of the process by Nova.

More importantly, though, is that the re-examination process is a Congressionally created option of which any person or party may avail themselves.  "Any person at any time may file a request for reexamination by the [PTO] of any claim of a patent on the basis of any prior art . . . ."  35 U.S.C. § 302.  Indeed, "[t]he stay of pending litigation to enable PTO review of contested patents was one of the specified purposes of the reexamination legislation."  *Patlex Corp. v. Mossinghoff*, 758 F.2d 594, 606 (Fed. Cir. 1985).  The fact that Nova has employed this statutory option does not itself suggest abuse of it.

1        Accordingly, Nanometrics has not shown that it will be unduly prejudiced by a stay or that it will

2   it will be subject to a clear tactical disadvantage if a stay is imposed.  Nova's motion will therefore be

3   granted.  Given the potential duration of the stay however, the motion is granted without prejudice to

4   Nanometric's revisiting the issue with the Court should prejudice accrue, or if factual circumstances

5   change warranting the Court's lifting the stay.

6

7   **CONCLUSION**

8        IT IS HEREBY ORDERED THAT Nova's Motion to Stay Proceedings Pending the Re-

9   examination of the Patent-in-Suit [Docket No. 32] is GRANTED.

10       IT IS SO ORDERED.

11

12       February 26, 2007                         Saundra B Armstrong

13                                                Saundra Brown Armstrong
                                              United States District Judge

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28